UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20139-CMA

UNITED STATES OF AMERICA

v.

OMAR LOACES GONZALEZ,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and the defendant, Omar Loaces Gonzalez, enter into the following agreement:

1. The defendant agrees to plead guilty to Count 3 of the Indictment, which charges the defendant with wire fraud in violation of 18 U.S.C. § 1343.

2. This Office agrees to seek dismissal of Counts 1 and 2 of the Indictment, as to the defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that

the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. Defendant also understands and acknowledges that as to Count 3, the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of no more than three years, in addition to a fine of up to $250,000 or the greater of twice the gross gain or twice the gross loss. In addition to a term of imprisonment, supervised release, and a fine, the Court may impose restitution and forfeiture.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings as to

3

the sentence to be imposed:

    a.     <u>Loss Amount</u>: That the intended loss resulting from the defendant's offense is $347,877, and that the actual loss resulting from the defendant's offense is $215,832.

    b.     <u>Restitution</u>: That the defendant owes $223,181.49 in restitution to the Small Business Administration.

9.     <u>Additional Enhancements, Adjustments, and Variances</u>: the parties remain free to argue for or against any other enhancements or adjustments, as well as to argue for or against any variance under 18 U.S.C. § 3553.

10.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

11.     The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property,

4

constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of a violation 18 U.S.C. § 1343, pursuant to 18 U.S.C. § 982(a)(2)(A) and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to a forfeiture money judgment in the sum of approximately $215,832 in U.S. currency, which sum represents the value of the property subject to forfeiture.

12. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

13. The defendant also agrees to fully and truthfully disclose the existence, nature, and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

14. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

   a. submit a financial statement to this Office upon request, within 14 calendar days from the request;

   b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

   c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

   d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

   e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of

6

a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

15.  In the event the defendant withdraws from this Agreement prior to pleading guilty or breaches the Agreement before or after he pleads guilty to the charges identified in paragraph one (1) above or otherwise fails to fully comply with any of the terms of this Plea Agreement, this Office will be released from its obligations under this Agreement, and the defendant agrees and understands that: (a) the defendant thereby waives any protection afforded by any proffer letter agreements between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by the defendant as part of plea discussions, any debriefings or interviews, or in this Agreement, whether made prior to or after the execution of this Agreement, will be admissible against the defendant without any limitation in any civil or criminal proceeding brought by the Government; and (b) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this Agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or this Office.

16.  The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on his immigration status.

7

The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is the defendant's automatic removal from the United States.

17.  This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 6/27/24            By: _____
                              JOSEPH EGOZI
                              ASSISTANT UNITED STATES ATTORNEY

Date: 6-21-24            By: _____
                              ARNALDO JESUS SURI
                              ATTORNEY FOR DEFENDANT

Date: 6-21-24            By: _____
                              OMAR LOACES GONZALEZ
                              DEFENDANT

8