UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20139-CMA

UNITED STATES OF AMERICA

v.

OMAR LOACES GONZALEZ,

    Defendant.
_____/

## FACTUAL PROFFER

The United States of America and the defendant, Omar Loaces Gonzalez, agree that had this case proceeded to trial, the United States would have proven, beyond a reasonable doubt, the following facts, among others, pertaining to a violation of 18 U.S.C. § 1343 that occurred in the Southern District of Florida.

From in and around April 2020 through in and around April 2022, the defendant, with the intent to defraud, unlawfully enriched himself by causing the submission of false and fraudulent COVID-19 pandemic relief loan applications under the Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") program; diverting the fraud proceeds for his and his accomplices' personal use and benefit; and concealing the commission of the offense and the use of the fraud proceeds.

PPP loans are potentially forgivable business loans that Congress created as part of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act in March 2020. For a business to obtain a PPP loan, an authorized representative of the business had to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan, including that (a) the business was operating on February 15, 2020, with paid employees or

contractors and (b) the business had certain average monthly payroll expenses and employees. These figures were used to calculate the amount of PPP money the business was eligible to receive. In addition, businesses applying for a PPP loan had to provide documentation of their payroll expenses. If a PPP loan application was approved, the participating lender funded the PPP loan using its own money, but 100% guaranteed by the Small Business Administration ("SBA"). PPP loan proceeds had to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the loan to be entirely forgiven if the business spent the loan proceeds on these permissible expenses within a designated period of time after receiving the proceeds and used a certain amount of the PPP loan proceeds on payroll expenses.

The CARES Act also authorized the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic. In order to obtain a COVID-19 EIDL, a qualifying business was required to submit an EIDL application to the SBA (which issued the EIDL funds) and provide information about its operations, such as the number of employees and gross revenues and cost of goods sold for the 12-month period preceding January 31, 2020. The applicant was also required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge. The amount of the EIDL, if the loan application was approved, was determined based, in part, on the information provided in the application concerning the number of employees, gross revenues, and cost of goods sold.

The defendant caused to be submitted four different PPP and EIDL loan applications for his business Loaces Construction Services Inc ("Loaces Construction") and for himself, knowing that those applications contained material misrepresentations to the lenders. Each of those four applications contained the defendant's personal information, including his social security number,

date of birth, home address, phone number, and email. The defendant's PPP and EIDL applications and the resulting loan disbursements triggered interstate wires between Florida and outside of Florida. *The defendant's fraudulent applications materially misrepresented that he had not been convicted of a felony or placed on probation in the five years prior to the applications.* The applications also contained various inconsistencies outlined below, as well as material misrepresentations significantly inflating the number of employees and gross income for Loaces Construction and himself:

| Application Date | PPP/ EIDL | Entity | Business Type | Business Activity | # of Employees | Average Monthly Payroll | Gross Revenue | Cost of Goods Sold |
|---|---|---|---|---|---|---|---|---|
| 5/21/2020 | PPP | Loaces Construction | LLC | N/A | 10 | $33,333 | N/A | N/A |
| 6/18/2020 | EIDL | Loaces Construction | S-Corp | Agriculture | 16 | N/A | $496,217 | $147,238 |
| 7/9/2020 | EIDL | Omar Loaces Gonzalez | Independent Contractor | Business Services | 1 | N/A | $286,412 | $51,331 |
| 7/30/2020 | EIDL | Loaces Construction | C-Corp | Construction & Contractors | 10 | N/A | $398,711 | $65,874 |

Bank records for the defendant's personal and business accounts are inconsistent with his representations above regarding gross income and monthly payroll.

The defendant's fraudulent PPP and EIDL applications requested a total of $347,877 in loan proceeds from Bank 2 and the SBA, of which $215,832 was disbursed into the defendant's bank accounts. Instead of spending the loan proceeds on permissible business expenses, the defendant spent the majority of the proceeds on personal expenses and on kickback payments to individuals who helped facilitate his fraudulent applications, some of which he concealed the fraudulent nature by writing "salary" in check memo lines.

The information contained in this proffer is not a complete recitation of the facts and circumstances of this case, but the parties agree it is sufficient to prove Count 3 of the Indictment beyond a reasonable doubt.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 6/27/24      By: _____
                       JOSEPH EGOZI
                       ASSISTANT UNITED STATES ATTORNEY

Date: 6-21-24      By: _____
                       ARNALDO JESUS SURI
                       ATTORNEY FOR DEFENDANT

Date: 6-21-24      By: _____
                       OMAR LOACES GONZALEZ
                       DEFENDANT

4