UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  24-CR-20139-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

OMAR LOACES GONZALEZ,
        Defendant.
_____/

### DEFENDANT OMAR LOACES' OBJECTION TO PRESENTENCE INVESTIGATION REPORT

Defendant, Omar Loaces ("Loaces"), by and through undersigned court-appointed counsel, respectfully files his objections to the Presentence Investigation Report ("PSR"), and states:

Objection to Paragraph 45 of the Presentence Investigation Report ("PSI")

The defendant objects to paragraph 45 of the PSI which holds the defendant accountable for a "loss" of $342,877.00. Since the "loss" exceeded $250,000.00 but was less than $550,000.00 the offense level in the PSI was increased in paragraph 45 by 12 levels pursuant to Guideline 2B1.1(b)(1)(G).

In the Plea Agreement (D.E. 21) at paragraph at 8a the defendant and the government agreed that the intended loss amount, if applicable, was $342,877.00, but the actual loss amount, if applicable, resulting from the defendant's conduct was $215,832.00.

Guideline Section 2B1.1(b)(1)(G) states simply that if the loss exceeds $6,500.00 increase the offense level according to the table in the Guideline. In this case a loss amount

1

between $250,000.00 and $550,000.00 was increased by 12 levels. The Guideline itself nowhere mentions actual versus intended loss. This distinction appears only in the commentary, application note 3 of the Guideline. This fact alone indicates that the guideline does not include intended loss since there is nothing ambiguous about the term "loss". The plain and ordinary meaning of loss in the context of Guideline 2B1.1. is therefore actual loss. The commentary incorrectly expands the definition of loss in application note 3 by creating a general rule that loss means the greater of actual or intended loss. This interpretation is not grounded in the plain meaning of the term loss which is employed in Guideline 2b1.1. The Court need not look to the commentary for guidance where there is no ambiguity in the plain language of the Guideline itself. *United States v. Dupree,* 57 F.4th 1269, 1274-75 (11th Circ. 2023)(en banc). United States District Court Judge Rodolfo Ruiz came to the same conclusion in United States v. Patel, 19-80181 writing that where the meaning of loss in aGuideline is unambiguous (loss means actual loss) the Court need not reach the commentary for clarification or guidance. See also United States v. Banks, 55F.4th 246, 257 (3d Cir. 2022)(en banc)(also finding that the plain meaning of loss in Guideline 2B1.1 is actual loss).

    The defendant objects to the paragraph 99 which establishes a final offense level of 16 with a guideline sentence of 21-27 months which should have an increase of 10 levels, not 12, in paragraph 45 consistent with an actual loss amount of $215,832.00, with a final offense level of 14 and a Guideline range of 15 to 21 months. The undersigned attorney would clarify that the accurate loss amount in the instant case is $210,832.00 but this fact does not change the guideline calculations.

Respectfully Submitted,<br>
_____/s/ Arnaldo Suri

ARNALDO J. SURI
ATTORNEY FOR DEFENDANT
Florida Bar No.: 445088
9745 SW 77th Street
Miami, Florida 33173
Tel. (305) 785-8073
Fax (305) 596-4515